UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT H. ALEXANDER,<br><br>   Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, *et al.*,<br><br>   Defendants. | Civil No. 09-cv-2905-L(BGS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION [DOC. 29]** |

On December 24, 2009, Plaintiff Scott H. Alexander commenced this civil-rights action against Defendants City of San Diego ("City"), and San Diego Police Officers Dunhoff, Van Cleave, Marotta, Messineo, and Do. In March 2011, Defendants moved for summary judgment for all claims asserted by Plaintiff. The Court granted in part and denied in part the motion. Among other things, it granted Defendants summary judgment for unlawful seizure and false arrest, based on the finding that the officers had probable cause to arrest Plaintiff for trespass and public intoxication; and for the *Monell* claim, based on Plaintiff's decision to no longer pursue that claim. As a result of the latter, the Court dismissed the City from this action. Plaintiff now moves for reconsideration of the Court's decision to grant Defendants summary judgment for unlawful seizure and false arrest, and dismiss the City. Defendants oppose.

The Court decides this motion on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 31.) For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for reconsideration. (Doc. 29.)

## I.   LEGAL STANDARD

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)) (internal quotation marks omitted). Further, a motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.* It does not give parties a "second bite at the apple." *See id.* Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342-L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009).

## II.   ANALYSIS

### A.   **Defendants Raised an Argument for the First Time in Their Reply.**

"The district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). In their motion for summary judgment, Defendants argued that "[p]robable causes existed to arrest [Plaintiff] for being drunk in public." (Defs.' Summ. J. Mot. 13:27–14:15 [Doc. 15].) In that discussion, Defendants did not mention trespass at all. But in their reply, Defendants raised a new argument. Specifically, they argued that probable cause existed because Plaintiff trespassed under California Penal Code § 602. (Defs.' Summ. J. Reply 3:26–4:11 [Doc. 19].) Defendants do not directly dispute this. Rather, they merely state that "facts supporting probable cause to believe Plaintiff was trespassing were thoroughly briefed." (Def.'s Opp'n 4:18–26 [Doc. 32].) Shifting the basis of an argument from one theory to another—as Defendants did here—demonstrates that Defendants raised a new argument for the first time in their reply.

Upon further consideration, the Court should have not considered Defendants' trespass argument first raised in their reply. Consequently, because a reasonable jury could conclude that the officers lacked probable cause to believe that Plaintiff had committed an offense—in particular, public intoxication—summary judgment was not appropriate for unlawful seizure and false arrest.[1]

Accordingly, the Court **GRANTS** reconsideration for the unlawful-seizure and false-arrest claims, and **REINSTATES** these claim as to Officers Dunhoff and Do.[2]

**B.     The City of San Diego Was Properly Dismissed.**

Plaintiff also challenges the Court's finding that he appeared to allege the state-law claims for negligence, false arrest, battery, and violation of California Civil Code § 52.1 only against Officers Dunhoff, Do, Van Cleave, Messineo, and Marotta. (Pl.'s Mot. 8:14–18 [Doc. 29].) He goes on to explain that "[f]rom the outset of this case the City has been a defendant, via *respondeat superior*, in the state law claims" and that the City is a proper defendant also under California Government Code § 815.2 and § 820(a). (*Id.* at 8:19–9:3.) But none of these allegations are in the complaint.

In the general allegations of the complaint, Plaintiff states that the Officers were employees of the City and acted within the course and scope of their employment, and that the Officers are "sued individually and in their capacities as employees." (Compl. ¶ 3 [Doc. 1].) He adds that the City is a public entity and the employer of the Officers. (*Id.* ¶ 4.) He also mentions

---

[1] Plaintiff implores that "[i]t is surely better to correct this error now, before trial, than to wait until an appeal and possibly have to try this case twice." (Pl.'s Mot. 8:11–12.) This concern for judicial efficiency rings hollow given that Plaintiff had ample time to identify Defendants' improper argument prior to the issuance of the Court's October 24, 2011 Order.

[2] Plaintiff argued in his opposition to Defendants' summary-judgment motion that Officers Van Cleave, Messineo, Marotta, and Do should be held liable for excessive force and false arrest based on their failure to intervene. (Pl.'s Summ. J. Opp'n 16:25–27 [Doc. 18].) The Court rejected this argument, and found Officers Van Cleave, Messineo, and Marotta are protected by qualified immunity. (October 24, 2011 Order 9:4–19 [Doc. 27].) Plaintiff does not challenge this finding, and thus, the qualified-immunity protection remains for Officers Van Cleave, Messineo, and Marotta.

that he filed a claim with the City, and that the claim was denied. (*Id.* ¶ 7.) This is the extent to which Plaintiff discusses the City in the general allegations. Moving on to the factual allegations, Plaintiff makes no mention the City as a defendant outside of the allegations made under the *Monell* claim.

There is no mention of *respondeat superior*, California Government Code § 815.2 and § 820(a), and no allegations of wrongdoing by the City except for the alleged *Monell* violation. Moreover, in each of the state-law claims, Plaintiff specifically identifies each of the officers—Officers Dunhoff, Van Cleave, Marotta, Messineo, and Do—for alleged wrongdoings, but makes no mention of the City. (Compl. ¶¶ 28, 32, 36.) A complaint is "[t]he initial pleading that starts a civil action and states . . . the basis for the plaintiff's claim." *Black's Law Dictionary* 323 (9th ed. 2009). Here, there simply is no basis for any of the state-law claims against the City stated in the complaint. Therefore, the Court's finding that the state-law claims are only directed at the Officers is proper. Plaintiff simply failed to sufficiently allege the state-law claims against the City in the complaint.

Accordingly, the Court **DENIES** reconsideration of the Court's decision to dismiss the City from this action.

## III.   CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for reconsideration. (Doc. 29.)

**IT IS SO ORDERED.**

DATED: December 20, 2011

_____
M. James Lorenz
United States District Court Judge